WALTER A. DE CAMP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8263. Promulgated April 19, 1927.

Under section 207 (b), Revenue Act of 1924, the normal taxes and surtaxes on income received by a partner during his calendar year 1924 from a partnership reporting on a fiscal year basis, are computed by treating the whole of such income as income for a single year, 1924, by applying the lower 1924 rates to that fraction of such income (plus income from other sources, less deductions and credits) apportionable to 1924, and by applying to the remainder of such income the rates designated by the next higher brackets of the 1923 schedule, the " next higher brackets " being interpreted to mean that the 1923 rates begin on the income scale where the lower rates of 1924 are terminated by the apportionment of the remainder of the income to the 1923 rates.

*Walter A. De Camp* pro se.
*Dwight H. Green, Esq.*, for the respondent.

This proceeding results from the Commissioner's determination of a deficiency in income tax for the calendar year 1924, in the amount of $436.42. Error is alleged in the Commissioner's computation of the tax upon that portion of petitioner's share of the income of a partnership, which was on a fiscal year basis, allocable to that portion of the partnership fiscal year falling within the calendar year 1923.

### FINDINGS OF FACT.

The petitioner is an individual, residing in Cincinnati, Ohio. His return was made on a calendar year basis. He was a member of a partnership engaged in the practice of law, the partnership being on a fiscal year basis ending April 30. His share of the partnership income for the fiscal year ending April 30, 1924, was $11,963.58, of which $7,975.72 bears the same proportion to the whole as that part of such fiscal year falling within the calendar year 1923 bears to the full fiscal year, the remaining $3,987.86 being allocable to the calendar year 1924, under the same rule of proportion. Other income, including $844 dividends on stock, was received by the petitioner during 1924, raising the total of income, after allowing deductions, received by petitioner in that year to $12,341.57.

That portion of the partnership income allocable to the calendar year 1924, plus the income received during 1924 from other sources, less allowable deductions, amounts to $4,365.75. In making his return (on Form 1040 FY) for the calendar year 1924, petitioner reduced this amount ($4,365.75) by $844 (dividend credit) and

$2,500 (personal exemption), and computed the tax on the remaining $1,021.75 at 1924 rates, using the rates in the lower brackets of the schedule prescribed for 1924 by section 210 of the Revenue Act of 1924. In determining the amount subject to the 1923 normal tax rates, he first deducted $844 (dividend credit) and $2,500 (personal exemption credit) from $7,975.72, the fractional part of the partnership income allocable to 1923. He then computed the tax on the remainder, or $4,631.72, by taking 4 per cent of the first $4,000, the rate prescribed by the Revenue Act of 1921, for 1923 income falling within the lowest bracket. He then computed the tax on the remaining $631.72 by applying the next higher rate (8 per cent) of the 1923 schedule.

In computing the surtax, petitioner applied the surtax rates prescribed by section 211(a)(2) of the Revenue Act of 1921 to the $7,975.72 allocable to 1923, or, in other words, computed the tax at one per cent on the amount in excess of $6,000.

In determining the deficiency, the respondent used the amounts of net income received and the amounts allocated to the respective years 1923 and 1924, as returned by petitioner. Nor was the amount of tax as computed by petitioner under the 1924 rates revised in any wise by the respondent. The only differences in computation relate to the tax imposed at the 1923 rates on the amount of $7,975.72, allocable to 1923. The respondent computes the normal tax at 1923 rates on $7,975.72 (the credit for dividends and personal exemption taken against this amount by petitioner having been denied), but adds $1,021.75 (the amount subject to 1924 normal tax rates after reduction by allowable credits) thereto to determine the 1923 brackets in which the $7,975.72 falls as a part of the total subject to normal rates, the higher brackets applicable to such total being applied to the $7,975.72. Under this computation, the capacity of the lower 1923 bracket of $4,000 (at 4 per cent) is reduced to $2,978.25, and forces the remainder of the $7,975.72, or $4,997.67, into the next higher (8 per cent) bracket. Further, the respondent computed the surtax on the entire net income, $12,341.57, at 1923 rates.

OPINION.

MILLIKEN: The petitioner, for the purpose of the computation of the tax, apportioned his share of the income from the partnership to the calendar years 1923 and 1924, in conformity with the statute— section 207(b) of the Revenue Act of 1924—and contends that the total normal tax should be computed by placing the amounts thus allocated to the respective years, in the lowest brackets of the rate schedule applicable to those years. A similar contention under section 205(c) of the Revenue Act of 1921, was rejected in *Appeal of*

*Theodore Schilling*, 3 B. T. A. 936. The decision in that appeal is based upon the proposition that all the income in controversy was the income of a single year and, being such, could not escape the higher rate brackets applicable thereto under the rate schedules of either of the two calendar years involved. The reasons given in that decision are equally applicable to the case at bar. But we need not here rely upon implications in the taxing statute as was done in the cited case. The computation used by the respondent and approved by us in the case cited, is expressly required in the case at bar, by the last sentence of section 207(b) of the Revenue Act of 1924, which provides as follows:

(b) If a fiscal year of a partnership begins in one calendar year and ends in another calendar year, and the law applicable to the second calendar year is different from the law applicable to the first calendar year, then (1) the rates for the calendar year during which such fiscal year begins shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears · to the full fiscal year, and (2) the rates for the calendar year during which such fiscal year ends shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year. In such cases the part of such income subject to the rates in effect for the most recent calendar year shall be added to the other income of the taxpayer subject to such rates and the resulting amount shall be placed in the lower brackets of the rate schedule applicable to such year, and the part of such income subject to the rates in effect for the next preceding calendar year shall be placed in the next higher brackets of the rate schedule applicable to such year.

We think the prescribed computation clearly supports the respondent's application of the rates in the lower brackets to that part of the income apportioned to 1924 rates, and the higher brackets to that part allocated to 1923 rates. The clear import of the statute is in conformity with the result reached under the 1921 Act in the *Schilling* appeal, *supra*. The petitioner thinks the respondent's computation is more obviously erroneous with respect to the surtax than it is in the case of the normal tax. We are unable to see the distinction made. The surtax is as much a part of the tax referred to in section 207(b) as is the normal tax. In both computations, the income is the income for one year, and the higher rates applicable to 1923 begin at the point on the income scale where the lower rates of 1924 are terminated by the apportionment of the remainder of the income to the 1923 rates. It should be noted that the petitioner's contention would permit many taxpayers to escape surtaxes by the division of income between the two years, though they would be liable for surtaxes under the rate schedules for either year without such division. To illustrate: A taxpayer receiving a total income in 1924 of $16,000, $10,000 apportioned to 1924, and $6,000 to 1923,

would be liable to no surtaxes. Were we to adopt the petitioner's interpretation, a variety of cases could be stated in which a like result would be reached. Bearing in mind that were it not for section 207 (b), the taxpayer in the illustrative case, as well as the case at bar, would need report all the income received in 1924 as subject to the 1924 normal and surtax rates, the computation urged would be contrary to the obvious intention of Congress to increase rather than decrease the tax by means of the division made in the statute.

It so happens, in the case at bar, that all the income subject to surtax is subject to the 1923 rates. The prescribed computation may be productive of some inequalities. However, as was pointed out in the *Appeal of Charles Colip*, 5 B. T. A. 123, Congress acted within the scope of its power in providing a simple rule to cover cases of this class, where the computations would otherwise be inherently complex.

The petitioner's position that credit for dividends and personal exemption should be allowed against the amounts apportioned to each year, is incidental to and dependent upon his more fundamental contention that the fractions of the whole income, apportioned to the respective years, should be treated separately as income of those years in computing the tax. Since we have rejected his primary contention, we must also deny the taking of the credits as claimed. The respondent has allowed the credits in determining the amount taxable at 1924 rates, and by so doing has also reduced the amount upon which the total tax is to be computed for 1924. To allow the credit to be applied again, against the amount taxable under the 1923 rates, would be to allow a double credit against the amount taxable for 1924.

*Judgment will be entered for the respondent.*